IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL GATES, | )<br>) Civil Action No. 2:23-cv-0325 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| UNITED AIRLINES, INC., aka UNITED AIRLINES HOLDINGS, INC. | ) *ELECTRONICALLY FILED*<br>)<br>) |
| Defendant. | |

## NOTICE OF REMOVAL

To:  The Honorable Judges of the United States District Court
     for the Western District of Pennsylvania

Defendant United Airlines, Inc., in accordance with the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1331, 1441, and 1446, files this Notice of Removal and removes the action entitled "Cheryl Gates v. United Airlines, Inc, aka United Airlines Holdings, Inc.," which was originally filed in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

## BACKGROUND

1. Plaintiff Cheryl Gates instituted this action in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania by filing a Complaint on January 20, 2023. A copy of the Complaint filed by Plaintiff in the state-court action is attached as Exhibit A.

2. Plaintiff served Defendant with the Complaint on February 2, 2023.

3. Defendant has not, to date, filed an answer or other pleading in the Court of Common Pleas of Allegheny County.

## **VENUE**

4. The Court of Common Pleas of Allegheny County, where Plaintiff's Complaint was filed, is within this Court's District. This action is therefore properly removable to this Court under 28 U.S.C. § 1446(a).

## **REMOVAL IS PROPER BASED ON FEDERAL-QUESTION JURISDICTION**

5. This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because Plaintiff's civil action arises under federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (A "suit arises under the law that creates the cause of action.") (internal citations omitted).

6. Whether an action "arises under" federal law is governed by the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

7. The complaint must be examined as it existed at the time of removal to determine whether it states a federal claim. *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939).

8. The prerequisites for removal are that the federal claim be "substantial," i.e., not without merit or foreclosed by prior decisions, and an "essential" element of the plaintiff's complaint. *Gully v. First Nat'l Bank in Meridian*, 229 U.S. 109, 112 (1936).

9. "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249

(3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

10. Plaintiff brings two counts under Title VII of the Civil Rights Act of 1964 and two identical counts under the Pennsylvania Human Relations Act[1] against Defendant.

11. In these counts, Plaintiff sets forth claims of hostile work environment and retaliation in violation of Title VII. *See* Ex. A, Compl. Counts I through II.

12. As pleaded, all of Plaintiff's claims derive from a "common nucleus of operative fact." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997).

13. Plaintiff's Title VII and PHRA claims depend on the same alleged discrimination.

14. For these reasons, Plaintiff's federal and state law claims form part of the same case or controversy so that this Court may exercise supplemental jurisdiction over Plaintiff's claims under Pennsylvania law. 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c).

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

15. Based on the date of Plaintiff's service of the Complaint, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), in that Defendant has removed within 30 days of receipt of a properly served Complaint from which Defendant could ascertain that this action is removable.

16. Copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, are attached to this Notice of Removal as Exhibit B, in accordance with 28 U.S.C. § 1446(a).

17. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of

---

[1] Plaintiff states these claims are violations of the "Pennsylvania Civil Relations Act," but Plaintiff does cite the PHRA within the Complaint.

Common Pleas of Allegheny County, Commonwealth of Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit C.

18. Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendant in any amount.

WHEREFORE, Defendant requests that the United States District Court for the Western District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania and direct that the Court of Common Pleas have no further jurisdiction over this matter.

Date: February 27, 2023

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Marla N. Presley*
Marla N. Presley, Esquire
Pa. I.D. No. 91020
Marla.Presley@jacksonlewis.com
Richard B. McGiffin
PA I.D. No. 326359
Ben.McGiffin@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 338-5148
(412) 232-3441 Facsimile

*Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL GATES, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| UNITED AIRLINES, INC., aka UNITED AIRLINES HOLDINGS, INC. | *ELECTRONICALLY FILED* |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have provided a courtesy copy to Plaintiff's counsel of record at the following address, via mail:

Anthony P. Piccirilli, Jr.
Joseph V. Luvara
apiccirillilaw@gmail.com
Luvara Law Group, LLC
1822 Worcester Dr.
Pittsburgh, PA  15243


*/s/ Marla N. Presley*
Marla N. Presley